**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 01-20154 JF (PVT) |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANT'S MOTION FOR PRETRIAL ORDER COMPELLING GOVERNMENT DISCLOSURE** |
| v. | ) | |
| ANH THE DUONG, | ) | [Docket No. 1005] |
| Defendant. | ) | |

**INTRODUCTION**

In this motion, Defendant ANH THE DUONG ("Defendant") seeks a pretrial order compelling government disclosure from Plaintiff, UNITED STATES OF AMERICA ("Government"). On February 4, 2010 the parties appeared for a hearing. Having reviewed the papers and considered the arguments of counsel, Defendant's motion for pretrial order compelling government disclosure is GRANTED.[1]

---

[1] The holding of this court is limited to the facts and circumstances underlying the present motion.

**BACKGROUND**

On January 25, 2010, Judge Fogel referred to U.S. Magistrate Judge Trumbull all discovery matters in the above-captioned action.  Pursuant to the referral, Defendant Duong makes three pretrial motions for discovery:

(1)  Motion for pretrial order compelling government disclosure (docket no. 1005);

(2)  Motion for pretrial order compelling government disclosure pursuant to Brady/Giglio (docket no. 1008); and

(3)  Motion for pretrial order compelling government disclosure of miscellaneous material (docket no. 1006).

The Government has responded to the three motions set forth above.  *See*, docket no. 1010.

**DISCUSSION**

**I.     Defendant Duong's Motion for Pretrial Order Compelling Government Disclosure**

In this motion, defendant Duong moves for discovery: (1) under Rule 16 of the Federal Rules of Criminal Procedure; (2) material under Rule 12(b)(4)(B); (3) "other act" evidence offered under Rule 404 of the Federal Rules of Evidence (evidence offered under the "residual" hearsay exception contained in Rule 807 of the Federal Rules of Evidence); (4) material under the *Brady-Giglio* line of cases; (5) material under the *Henthorne* line of cases; and (6) other general un-categorized requests.

**A.     Rule 16 Discovery Requests**

**1.     Defendant's Oral Statements Pursuant to Rule 16(a)(1)(A)**

Rule 16(a)(1)(A) provides as follows:

(A)     Defendant's Oral Statement.  Upon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.

Pursuant to Rule 16(a)(1)(A), Defendant Duong requests the following:

(1)     Reduce to writing any oral statement(s) made by defendant that are known or through the exercise of due diligence should be or may become known by the US Attorney or the Department of Justice to be in the possession, custody or control of the United States or which by due diligence can be obtained from its agents or any other responsible person.  This includes, but is not limited to, all statements, whether inculpatory or exculpatory, in any way relevant to the alleged crimes made to any individual whether or not a state or government agent.

*United States District Court*
For the Northern District of California

1

2      Defendant's request for discovery pursuant to Rule 16(a)(1)(A) is GRANTED.

3      Defendant Duong further requests:

4      (2)      List the name, address and phone number of each person present when any
               such statements were made by defendant.  List the exact time, place and
5              date of any statements.  State whether any statement was volunteered or in
               response to questions.  Identify any questioner or interrogator.
6

7      The Government has stated that it has produced all responsive discovery that it currently

8      possesses and will continue to do so.  The Government shall comply no later than February 11,

9      2010.  The parties shall meet and confer regarding any further responsive discovery to this request.

10     Defendant Duong further requests:

11     (3)      List in detail all communications of the defendant, in any form, that are
               purported to be any waiver of his legal or constitutional rights.  Include the
12             exact date, time and place of any such communication or waiver.  Reduce
               any oral waivers to writing.

13     Defendant's request for the above-specified discovery is GRANTED.  The parties shall meet

14     and confer regarding whether "the names, addresses and phone numbers of all witnesses to such

15     communication" may be the subject of a protective order.

16     Defendant Duong further requests:

17     (4)      Produce, list, provide, or reduce to writing, all waiver forms, warnings,
               cautions or instructions that were communicated to the defendant in any
18             form in connection with any written or oral statement, response,
               communication or observed behavior of the defendant at any interview,
19             examination or evaluation.

20     Defendant's request for the above-specified discovery is GRANTED.  The parties shall meet

21     and confer regarding whether discovery relating to "the exact date, time and place of any such

22     communication and the names, addresses and phone numbers of all witnesses to such warnings"

23     may be the subject of a protective order.

24     Defendant Duong further requests:

25     (5)      Produce in writing, reduce to writing and/or provide copies of all written or
               oral statements, all responses to questions, directions or communications of
26             any kind and all observed behavior of defendant during any interview,
               examination or contact with respect to the above-statements by or through
27             which the defendant: (a) indicated that he did not wish to, or would not,
               respond to any question, direction or communication; (b) failed to respond
28             to any question, direction or communication.

United States District Court
For the Northern District of California

Defendant's request for the above-specified discovery is GRANTED to the extent such discovery exists.

**2.  Defendant's Written or Recorded Statements Pursuant to Rule 16(a)(1)(B)**

Rule 16(a)(1)(B) provides:

> (B)  Defendant's Written or Recorded Statement.   Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying or photographing, all of the following:
>   (I)  any relevant written or recorded statement by the defendant if:
>     a.  the statement is within the government's possession, custody or control; and
>     b.  the attorney for the government knows- or through due diligence could know- that the statement exists;
>   (ii)  the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent; and
>   (iii)  the defendant's recorded testimony before a grand jury relating to the charged offense.

Pursuant to Rule 16(a)(1)(B), Defendant Duong requests the following items:

(1)  Any and all written or recorded statements made by or purported to have been made by the defendant, including but not limited to any and all documents, instruments or forms prepared by, signed, reviewed, or otherwise adopted by the defendant as his own statement and the portion of any written record containing the substance of such statements.  This shall include, but is not limited to, any such statements that are known or through the exercise of due diligence should be or may become known by the USA to be in the possession, custody or control of the United States, or, which by due diligence, can be obtained from its agents or any other responsible person, that are in any way relevant to the alleged crimes, whether inculpatory or exculpatory, made to any individual whether or not a state or government agent.

Defendant's request for discovery pursuant to Rule 16(a)(1)(B) is GRANTED.

Defendant Duong further requests:

(2)  List the name, address, and phone number of each person present when any statements were made by the defendant.  List the exact time, place and date of any statements.  State whether any statement was volunteered or in response to questions.  Identify any questioner or interrogator.

Defendant's request for the above-specified discovery is GRANTED to the extent such discovery exists.  The parties shall meet and confer whether a protective order may be appropriate.

Defendant Duong further requests:

(3)  List in detail all communications of the defendant, in any form, that are

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1   purported to be any waiver of his legal or constitutional rights.  Include the
    exact date, time and place of any such communication or waiver.  Reduce
2   any oral waivers to writing.

3       Defendant's request for the above-specified discovery is GRANTED to the extent such

4   discovery exists.

5       Defendant Duong further requests:

6   (4)     Produce, list, provide, or reduce to writing, all waiver forms, warnings,
            cautions or instructions that were communicated to the defendant in any
7           form in connection with any written or oral statement, response,
            communication or observed behavior of the defendant at any interview,
8           examination or evaluation.  Include the exact time, date and place of any
            such communication and the names, addresses and phone numbers of all
9           witnesses to such warnings.

10      Defendant's request for the above-specified discovery is GRANTED to the extent such

11  discovery exists.

12      Defendant Duong further requests:

13  (5)     Produce in writing, reduce to writing and/or provide copies of all written or
            oral statements, all responses to questions, directions or communications of
14          any kind and all observed behavior of defendant during any interview,
            examination or contact with respect to the above-statements by or through
15          which the defendant: (a) indicated that he did not wish to, or would not,
            respond to any question, direction or communication; (b) failed to respond
16          to any question, direction or communication.

17      Defendant's request for the above-specified discovery is GRANTED to the extent such

18  discovery exists.

19              **3.    Statements By Co-Conspirators Made During the Course of, and In**

20              **Furtherance of the Conspiracy**

21      Defendant Duong requests:

22  (1)     Any and all written, recorded, or oral statements made by or purported to
            have been made by any co-conspirator, indicted or un-indicted, which the
23          government alleges are admissible under Federal Rule of Evidence
            801(d)(2)(E) as having been made in the course of and in furtherance of the
24          alleged conspiracy.

25      Defendant's request for the above-specified discovery is GRANTED to the extent such

26  discovery exists.

27  **Defendant Duong further requests:**

28  (2)     List the name, address and phone number of each person present when any
            statements were made by the defendant. List the exact time, place and date

**United States District Court**
For the Northern District of California

of any statements.  State whether any statement was volunteered or in response to questions.  Identify any questioner or interrogator.

Defendant's request for the above-specified discovery is GRANTED to the extent such discovery exists.

Defendant Duong further requests:

(3)     Disclose statements which the government may or intends to introduce at trial which arguably qualify as a co-conspirator statement under Rule 801(d)(2)(E).

Defendant's request for the above-specified discovery is GRANTED to the extent such discovery exists.  The government shall comply with this request no later than February 11, 2010.

### 4.     Defendant's Prior Records Pursuant to Rule 16(a)(1)(D).

Rule 16(a)(1)(D) provides:

(D)     Defendant's Prior Record.  Upon a defendant's request, the government must furnish the defendant with a copy of the defendant's prior criminal record that is within the government's possession, custody or control if the attorney for the government knows-or through due diligence could know- that the record exists.

Pursuant to Rule 16(a)(1)(D), Defendant Duong requests the following:

A complete written copy of Duong's prior criminal record including any entry the attorney for the government knows – or through due diligence could know – exists.  Such prior criminal record shall include, but not be limited to, any record kept by any state, federal, or local government agency, of any detention or official inquiry even if not leading to arrest and even if not reported to any federal, state, or county central record keeping agency.

Defendant's request for the above-specified discovery is GRANTED.

### 5.     Documents and Objects Pursuant to Rule 16(a)(1)(E).

Rule 16(a)(1)(E) provides:

(E)     Documents and Objects.   Upon a defendant's request, the government must permit the defendant to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

(I)     the item is material to preparing the defense;

(ii)     the government intends to use the item in its case in chief at trial; or

(iii)     the item was obtained from or belongs to the defendant.

Pursuant to Rule 16(a)(1)(E), Defendant Duong requests:

(1)   List, describe and produce for inspection, testing or copying all physical evidence, including, but not limited to, books, papers, documents data, photographs, tangible objects, buildings or places, weapons, substances, physical samples or materials seized from defendant at any time in connection with this charge including but not limited to items seized from his body, at his home, his vehicle, his place of business, at the scene of his arrests, or seized from anyone or any place, purported to belong to the defendant.  Describe specifically where the item was seized and the exact date and time of the seizure.  Provide the name, address and phone number of each individual who seized each item and who was present when any item was seized and the name, address and phone number of each person who was present when each item seized came into the possession of the government or any responsible person.

Defendant's request for the above-specified discovery is GRANTED to the extent such discovery exists.

Defendant Duong further requests:

(2)   List, describe and produce for inspection, testing or copying all physical evidence, including, but not limited to, books, papers, documents data, photographs, tangible objects, buildings or places, weapons, substances, physical samples or materials seized from or allegedly belonging to any co-defendant or alleged co-conspirator at any time in connection with this charge including but not limited to items seized from his/her body, at his home, his/her vehicle, his/her place of business, at the scene of his/her arrests, or seized from anyone or any place, purported to belong to said co-defendant or alleged co-conspirator.  Describe specifically where the item was seized and the exact date of the seizure.  Provide the name, address and phone number of each individual who seized each item and who was present when any item was seized and the name, address and phone number of each person who was present when each item seized came into the possession of the government or any responsible person.

Defendant's request for the above-specified discovery is GRANTED to the extent such discovery exists.

Defendant Duong further requests:

(3)   List, describe and produce for inspection, testing or copying all physical evidence, including, but not limited to, books, papers, documents data, photographs, tangible objects, buildings or places, weapons, substances, physical samples or materials seized from or allegedly belonging to any from any alleged victim, living or deceased.  Provide the name, address and phone number of each individual who seized each item.  Provide the same information for such individuals present when such evidence was seized.

Defendant's request for the above-specified discovery is GRANTED to the extent such discovery exists.

Defendant Duong further requests:

(4)   List, describe and produce for inspection, testing or copying all physical

United States District Court
For the Northern District of California

1    evidence removed from the scene(s) of the alleged crime(s).  Describe
2    specifically the location where each item was seized.  Provide the same
     information for such individuals present when such evidence was seized.

3    Defendant's request for the above-specified discovery is GRANTED to the extent such

4    discovery exists.

5    Defendant Duong further requests:

6    (5)    Provide copies of all photographs or videotapes in any way connected to the
            investigation and prosecution of the indictment including, but not limited to,
7           photographs or videotapes of the defendant, co-defendants/co-conspirators,
            alleged victims, scenes of the alleged crimes, any alleged weapon(s), any
8           alleged drugs or any other item or area, any pre-trial photographic
            identification procedure or display, any photographs of suspects or persons
9           of interest shown to anyone in the investigation of the case and any
            composites done in connection with this case.  Provide a description of each
10          photograph or videotape describing what it depicts and include the name,
            date of birth, current address and telephone number of each person depicted
11          in a photograph or videotape.

12   Defendant's request for the above-specified discovery is GRANTED to the extent such

13   discovery exists.

14   Defendant Duong further requests:

15   (6)    List, describe and produce for inspection, testing or copying all physical
            evidence not covered in items (1)-(5) above, including, but not limited to,
16          books, papers, documents data, photographs, tangible objects, buildings or
            places, weapons, substances, physical samples or materials, which have any
17          evidentiary value in regard to the guilt or innocence or the sentence of the
            defendant, or which may lead to such evidence, or which the United States
18          is retaining for potential use in evidence at any trial or hearing of this case.

19   Defendant's request for the above-specified discovery is GRANTED to the extent such

20   discovery exists.

21   Defendant Duong further requests:

22   (7)    List, describe and produce for inspection, testing or copying any maps,
            sketches or diagrams relating to the alleged charges, which the USA intends
23          to offer in evidence or which he is retaining for potential use in evidence at
            any trial or hearing of this case.

24   Defendant's request for the above-specified discovery is GRANTED to the extent such

25   discovery exists.

26   Defendant Duong further requests:

27   (8)    Produce and provide a copy of any and all audio or video surveillance tapes
28          made during the course of this investigation and prosecution involving the
            defendant, any co-defendant or coconspirator, or any other person.  Identify

**United States District Court**
For the Northern District of California

1  the date, time and place of the audio or video-recording. Provide the name,
2  address and phone number of all persons recorded. Provide the name, work
   address and phone number of any and all law enforcement officers who
   monitored or engineered or were responsible for said recordings. Produce
3  any logs or notes regarding when and how said recordings were made.

4  Defendant's request for the above-specified discovery is GRANTED to the extent such

5  discovery exists. The Government and the Defendant shall meet and confer regarding only

6  information that the Defendant does not currently possess. The Government shall continue to

7  comply and provide available information.

8  Defendant Duong further requests:

9  (9)  State whether any item, object or property described in (1) through (8)
       above has been disposed of. Specify the exact date and method of disposal
10      and the person responsible for disposal. State the name, address and phone
        number of any and all persons who were notified of the disposal or
11      destruction of any item in connection with this case.

12  Defendant's request for the above-specified discovery is GRANTED.

13  **6.    Reports of Examinations and Tests Pursuant to Rule 16(a)(1)(F)**

14  Rule 16(a)(1)(F) provides:

15  (F)  Reports of Examinations and Tests. Upon a defendant's request, the government
        must permit a defendant to inspect and to copy or photograph the results or reports of
16      any physical or mental examination and of any specific scientific test or experiment
        if:
17      (I)    the item is within the government's possession, custody, or control;
        (ii)   the attorney for the government knows- or through due diligence could know-
18             that the item exists; and
        (iii)  the item is material to preparing the defense or the government intends to use
19             the item in its case-in-chief at trial.

20  Pursuant to Rule 16(a)(1)(F), Defendant Duong requests the following:

21      Produce copies of all reports and all preliminary tests, observations and
    draft reports of any physical, medical or mental examination, and of scientific tests
22  or experiments made in connection with the alleged crimes (regardless of whether
    the results were conclusive or inconclusive) that are known or through the exercise
23  of due diligence should be or may become known by the USA to be in possession,
    custody or control of the United States, its agents, or in the possession of any
24  person or agency involved with the investigation, preparation, or presentation of this
    prosecution. This includes but is not limited to any test done on any physical
25  evidence; physical, medical, psychiatric, psychological, neurological, or autopsy
    examinations; fingerprint recovery and comparison; handwriting exemplars and
26  comparisons; voiceprints; ballistic testing of any kind including guns, ammunition,
    casings, expend bullets, or gunpowder; and, polygraph or any other from of "lie
27  detector" test. Any oral opinion or result of any scientific test or examination shall
    be reduced to writing. Include all data both "raw" and computed, results, notes,
28  records, charts, photographs, videotapes, x-rays, MRI images, CAT scans or any
    other imaging process, or

**United States District Court**
For the Northern District of California

1
2
3

      With respect to each item provide the name, work phone and address of each person who performed or assisted in the test or examination in any way including the obtaining, transferring, testing or analyzing physical objects or samples.

4

Defendant's request for the above-specified discovery is GRANTED.  Defendant shall

5

specify the reports he seeks.  The Government shall contact the appropriate agencies to determine if

6

any such reports exist.  Additionally, the parties shall meet and confer regarding whether a

7

protective order may be appropriate.

8

       **7.**        **Expert Witnesses Pursuant to Rule 16(a)(1)(G)**

9

Rule 16(a)(1)(G) provides:

10

     (G)     Expert Witnesses.

11
12

        At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial.

13
14
15

        If the government requests discovery under subdivision (b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition.

16
17

        The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

18

Pursuant to Rule 16(a)(1)(G), Defendant Duong has requested the following items:

19
20
21
22

      Provide the name, address and telephone number of any person who may give opinion testimony under Rules 702, 703 or 705 of the Federal Rules of Evidence during either the guilt or penalty phase of the prosecution.  Such persons shall include not only experts who will offer opinions with respect to recognized areas of scientific or forensic knowledge but also includes any law enforcement agent that will be asked to give opinion or summary testimony of any kind.  With respect to each such person provide the following:

23
24

        1.     The information which the government will present in an attempt to qualify the witness to offer an opinion including any evidence contrary to or that mitigates that offered by the government.

25
26
27

        2.     A written summary of the testimony the government intends to elicit from any such witness including the witness's opinions, the bases and reasons for those opinions, and the information described in (F) above.

28

Defendant's request for the above-specified discovery is GRANTED to the extent such

1   discovery exists.

2   **B.   Defendant Duong's Discovery Requests Pursuant to Rule 12(b)(4)(B)**

3       (B)   At the Defendant's Request.  At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to
4             suppress evidence under Rule 12(b)(3)©), request notice of the government's intent to use (in its evidence in chief at trial) any evidence that the defendant
5             may be entitled to discovery under Rule 16.

6   Pursuant to Rule 12(b)(4)(B), Defendant Duong requests  the following items:

7       (1)   The defense requests that the government identify which evidence was obtained as a result of the type of activity that might give rise to a
8             suppression motion. In doing so the defense has both made a generic request based on the normal types of activity that can give raise suppression
9             motions and has made requests relating to specific instances of such activity that the defense is aware of.

10

11      (2)   The defense requests that the type of material, such as search warrants, which determines the legality of the activity be produced. Accordingly, the
              government should be required to produce the following:

12

13          Any and all evidence or information, including all information subject to disclosure under Rule 16 in the possession, custody, or control of the government,
14    or the existence of which is known, or by the exercise of due diligence could become known to the government, which evidence or information the government
15    presently or at any time contemplates or considers using in its evidence at trial, in order to afford the Defendant an opportunity to move for suppression. Such items
      will include but not be limited to:

16

17          (a) Evidence that was obtained through any warrantless search or seizure, or that relates to or was derived from any such search or seizure regarding
            defendant;

18

19          (b) Evidence that was obtained through the execution of any warrant, or that relates to or was derived from any such warrant regarding defendant;

20          (c) Evidence that was obtained through any electronic, visual, or mechanical surveillance, or that relates to or was derived from any such surveillance
21          regarding defendant, including but not limited to any type of interception of any phone communication, conversation with another person, or physical
22          activity;

23          (d) Evidence that was obtained through any use of a beeper or other tracking device, or that relates or was derived from any such beeper or other tracking
24          device regarding defendant;

25          (e) Evidence that was obtained through any use of a mail cover, or that relates to or was derived from any such mail cover regarding defendant;

26
            (f) Any evidence relating to any identification procedure regarding the defendants including but not limited to the exhibition or display of the
27          defendant's photograph, likeness, image, or voice recording to anyone regarding defendant; any lineup that included defendant; and any production
28          of a composite regarding defendant.

(g) Any written, recorded, or oral statements of the defendant, or any other written, recorded, or oral statements by others intended to be offered as a statement of the defendant.

(h) In addition to the general categories listed above, include the requested information with respect to the following specific incidents:

1. May 1, 1998, search of two safe deposit boxes at a Home Savings branch office located in Westminster, California. The boxes were in the name of Anh The Duong, et. Al. and Lisbio Cuoto, Jr., et. Al.

2. The search of Ford Windstar Van License Number 3XWW778, or of any of the containers within it, that was stopped and searched by members of the Fremont Police Department on July 28, 1998, after the attempted robbery of Wintec Industries.

3. The search pursuant to a warrant signed on February 4, 1999, directed to Pacific Bell Wireless seeking records associated with phone number 714-609-0441.

4. The search pursuant to a warrant signed on February 10, 1999, directed to Pacific Bell Wireless seeking records associated with phone number 714-609-0441.

5. The search pursuant to a warrant signed on May 28, 1999, authorizing a search of 12951 Aspenwood Lane, Garden Grove, California that took place on June 3, 1999. Please specify separately if you intended to use any evidence obtained during searches of computers, computer discs or other storage device, and/or cell phones found within the residence.

6. The search pursuant to a warrant signed on June 10, 1999, authorizing a search of 12100 Metric, #621, Austin, Texas. Please specify separately if you intended to use any evidence obtained during searches of computers, computer discs or other storage device, and/or cell phones found within the residence.

7. The search pursuant to a warrant signed on June 10, 1999, authorizing search of 13441 Gent Drive, Austin, Texas. Please specify separately if you intended to use any evidence obtained during searches of computers, computer discs or other storage device, and/or cell phones found within the residence.

8. The search of a white Ford Expedition, License Number 4SJA769, on July 16, 2001.

9. The search of 3400 Avenue of the Arts, Apartment F414, Costa Mesa, California on July 16-17, 2001. Please specify separately if you intended to use any evidence obtained during searches of computers, computer discs or other storage device, and/or cell phones found within the residence.

10. The search of 3011 Santa Rita Way, Santa Ana, California, that took place on August 9, 2001.

11. The search of computers, cell phones, and computers seized at

United States District Court
For the Northern District of California

3011 Santa Rita Way, Santa Ana, California, pursuant to a warrant signed on March 16, 2004.

12. Pen register on the phone of Anthony Tran starting on April 4, 2001.

13. Wiretap on phone number 714-742-1263 held in the name of Christine Chen obtained on July 9, 2001.

14. A recorded phone conversation made by Anh The Duong from jail on July 16 or 17, 2001.

15. A July 16, 2001, conversation during which Detectives Davis and Carns attempted to take a statement from Anh The Duong who invoked his *Miranda* rights.

16. An approximately 3 hour statement made by Anh The Duong to Detective Ahlo of the Fountain Valley Police Department and Detective Echavarria of the Garden Grove Police Department on July 17 or 18, 2001.

17. A July 19, 2001 statement by Anh The Duong to Special Agent Blake Wirth.

18. A July 20, 2001, conversation during which Detective Frank Noey attempted to take a statement from Anh The Duong who invoked his *Miranda* rights.

19. Any phone calls or other communications between Anh The Duong and any law enforcement officer or prosecutor after July 20, 2001, including but not limited to any FBI agent, any state or local police officer, and any state or local person having custody over Anh The Duong which includes but is not limited to his time in custody in Los Angeles, San Quentin, and Santa Clara County.

20. Any statement by a jailhouse informant or other person incarcerated with Mr. Duong.

Identify the incident or procedure during which each piece of evidence was obtained including the date, time, place, and the name, address, and phone number of each person who was present at the time of the incident and/or in any way was involved in obtaining the evidence.

Include any warrants, interception orders, affidavits and other documents in support of a warrant or interception order, and all reports of any evidence or information recovered as a result of any warrant or inception order including all reports regarding such evidence or information.

With respect to identification procedures state the name, address and phone number (and position) of each participant in the lineup(s), each attorney present at the lineup(s), and all other persons present at the lineup(s). State any positive, tentative, "look-a-like" or hesitant identifications of any person in the lineup(s). State whom each witness identified, if anyone.  Describe exactly the nature or degree of the identification, including but not limited to the amount of time between first viewing the person(s) in the lineup(s), and making an identification, and the content of any statements made by any person who viewed the lineup(s). Produce a

copy of any videotape, composite, or photograph used in any attempted or completed identification procedure.

Defendant's request for the above-specified discovery is GRANTED to the extent such discovery exists.

### C.    Rule 404(b) Evidence

Pursuant to Federal Rules of Evidence 404(b)**,** defense requests that the government disclose its intent to introduce evidence of other crimes, wrongs, or acts of the defendant.

Rule 404(b) provides that the prosecution in a criminal case "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such [404(b)] evidence it intends to introduce at trial," where 404(b) evidence constitutes "evidence of other crimes, wrongs, or acts" which is being admitted to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

Specifically, Defendant Duong requests the following:

> Specifically identify each other crime, wrong, or act that it intends to introduce or may introduce at trial whether during its case-in-chief or in impeachment or rebuttal, the existence of which is known, or by the exercise of due diligence could become known to the government. Such identification shall include the nature of the incident; the date, time and place of the incident; all persons who may testify regarding such incident including their name, address, and phone number; and all persons having knowledge of such incident including their names, addresses and phone numbers.

> Provide the material called for in the other parts of this motion for each of the incidents.

Defendant's request for the above-specified discovery is GRANTED to the extent such discovery exists.  The Government states that it will include such discovery in its pretrial statement.

### D.    Residual Hearsay Evidence Pursuant to Federal Rules of Evidence 807

> Rule 807.  Residual Exception.  A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and the general purposes of these rules and the interests of justice will best be served by admission of the statements into evidence.  However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

address of the declarant.

Pursuant to Rule 807, Defendant Duong requests the following:

Identify each specific statement it may seek to introduce under Rule 807, whether during its case-in-chief or in impeachment or rebuttal, the existence of which is known, or by the exercise of due diligence could become known to the government. The identification shall specify the exact wording of the statement, the name, address and phone number of the declarant, and the basis for the contention that the statement satisfies the requirements for admissibility under Rule 807.

Defendant's request for the above-specified discovery is GRANTED.

**E.      Evidence Pursuant to *Brady/Giglio***

Defendant Duong requests the following items:

Any favorable evidence, including but not limited to all documents, books, papers, photographs, tests or experiments, objects, statements of witnesses, and other evidence and information which tends to exculpate the defendant, or which may be favorable or useful to the defense as to either guilt or punishment, or which tends to affect the weight or credibility of evidence to be presented against the defendant, or which may lead to such evidence. This request applies to evidence which is within the possession, custody or control of the government, or which is or could by the exercise of due diligence become known to the government.

Defendant's request for the above-specified discovery is GRANTED.

**F.      Evidence Pursuant to *Henthorne***

Defendant Duong requests the following items:

Obtain and review personnel files of all law enforcement personnel it intends to call to testify at trial, or who it may call at trial, whether during its case-in-chief, in rebuttal, or at any hearing in this case, including any such witness to be called by the defense, and disclose any material contained therein required to be disclosed under *Henthorne* and its progeny.  This material shall include, but not be limited to, material bearing on the witnesses credibility in general and material regarding any misconduct in obtaining search warrants, statements, or orders allowing electronic eavesdropping of any form. This order shall also extend to any law enforcement personnel who obtained any search warrant, order allowing electronic eavesdropping of any form, or participated in obtaining a statement from the defendants whether or not they expect to be called to testify.

1    Defendant's request for the above-specified discovery is GRANTED to the extent such

2   discovery exists.  The parties shall  meet and confer regarding classifying each witness into an

3   above-stated category.  If parties are unable to do so, they must so state no later than February 11,

4   2010.

5          IT IS SO ORDERED.

6   Dated: February 9, 2010

7

8                                                *Patricia V. Trumbull*
                                                _____
9                                                PATRICIA V. TRUMBULL
                                                United States Magistrate Judge